**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMIR BOBODZHONOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | NO. CIV-26-1236-HE |
| DAVID VENTURELLA, Acting | ) | |
| Director, U.S. Immigration and Customs | ) | |
| Enforcement,[1] et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Amir Bobodzhonov seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the record and habeas petition, petitioner is a native of Tajikistan and a citizen of Russia who entered the United States near the border at San Ysidro, California on or about November 13, 2022. He was thereafter placed into removal proceedings through issuance of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), as being an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David Venturella, the acting director of U.S. Immigration and Customs Enforcement, is substituted for Todd Lyons.*

passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General.  Subsequently, petitioner was granted parole into the United States, with an expiration date of November 12, 2023, and timely applied for asylum.  Over three years later, on or about May 13, 2026, petitioner, while working as a commercial vehicle driver, was detained during a commercial motor vehicle inspection and taken into custody by ICE.  He is currently detained by ICE at Diamondback Correctional Facility in Watonga, Oklahoma.

In the habeas petition, petitioner claims his detention violates the INA and the Fifth Amendment due process clause.  Petitioner requests his release, or alternatively, a bond hearing, at which respondents shall bear the burden of proving by clear and convincing evidence that petitioner's detention is justified by flight risk or danger to the community.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper and request the court to deny the § 2241 petition.

The court concludes the habeas petition should be granted in part. Respondents acknowledge "the Court has ruled on this issue" in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and "understand the present case may be decided in similar fashion." [Doc. #10, ECF p. 2].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL

3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in court's ruling in Ramirez Rojas v. Noem, that 8 U.S.C. § 1226(a) governs detention under similar circumstances as those presented here.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Courts of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713, 719-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258, 1261-85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others.  Further, the court declines to reconsider its prior ruling in Li v. Grant, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026), that § 1226(a) applies even though petitioner applied for asylum.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant

---

[2] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[3] In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's Fifth Amendment due process claim.

to 8 U.S.C. § 1226(a).  As to the issue of burden of proof at the bond hearing, the court agrees with the decisions in <u>Singh v. Figueroa</u>, Case No. CIV-26-600-R, 2026 WL 1181699, at *1 n. 2 (W.D. Okla. April 30, 2026) and <u>Singh v. Grant</u>, Case No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. April 16, 2026), and declines to specify or alter the burden of proof at this juncture.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE